### HENRY M. KELLOGG AND OTHERS *v.* ROBERT FORSYTH.

The statutes of Illinois require that a declaration in ejectment shall be served upon the actual occupant, and the practice of that State authorizes the appearance of the landlord and his defence of the suit, either in his own name or that of the tenant with his consent.

And when a landlord has undertaken the defence of a suit in the name of the tenant with his consent, the tenant cannot interfere with the cause to his prejudice.

Therefore, when the defendant in ejectment in the court below died after judgment, and his attorney and landlord, who had conducted the suit in the name and with the consent of the deceased, sued out a writ of error in the name of the heirs, gave bond for the prosecution of the writ and for costs, a motion to dismiss the writ will not be entertained, although the heirs of the deceased authorize the motion to dismiss.

It appears to the court that the attorney of the deceased defendant is a *bona fide* claimant of the land, and prosecuting the writ of error in good faith.

The motion to dismiss the writ of error is therefore overruled.

THIS was a branch of the three preceding cases, coming up from the same court.

*Mr. Williams,* counsel for the defendant in error, moved to dismiss the writ for the following reasons, viz:

That it is manifest by the record filed in this court in the said cause that the said writ of error was issued on the 15th day of July, 1859.

That the clerk's return thereto was filed with the clerk of this court on the 3d day of October, 1859.

That said return contains nothing but affidavits of the death, &c., of the original defendant, the writ of error, a bond to prosecute the same, a citation and acknowledgment of the service thereof.

That the detached record filed by the plaintiff, with the said return, was certified by the clerk of the Circuit Court on the 25th day of October, 1856, and is not attached to said return, or in any way referred to therein.

And therefore, he says, for said irregularities in the said proceedings patent on the face of the record of said cause, the said writ of error ought to be dismissed.

See Rules, Nos. 8 and 9.

Mr. Justice CAMPBELL delivered the opinion of the court.

The defendant in error recovered a judgment in ejectment in the Circuit Court of the United States for the northern district of Illinois against William Kellogg, deceased, as tenant in possession of a parcel of land in that district. After the judgment, the defendant died. The attorney of the decedent, who was also his landlord, and who had conducted the suit on behalf and in the name of the tenant, with his consent, sued out a writ of error to this court in the name of the heirs of said Kellogg. The bond for the prosecution of the writ, and the stipulation for costs in this court, have been supplied by the said attorney. One of the heirs of Kellogg objects to the prosecution of the writ of error, and alleges, on behalf of himself and his coheirs, that it is prosecuted without authority, and that they have no desire that it should be maintained, and authorize the attorney of the defendant in error to move for its dismissal. It appears to the court that the attorney of the deceased defendant is a *bona fide* claimant of the land, and that he is prosecuting the writ of error in good faith. That he is responsible for the costs and damages that may arise from the use of the names of the plaintiffs in error. The statutes of Illinois require that the declaration in ejectment shall be served upon the actual occupant, and the practice of the courts of that State authorizes the appearance of the landlord, and his defence of the suit, either in his own name or that of the tenant, with his consent. Williams *v.* Brunton, 3 Gilman R., 600.

And when a landlord has undertaken the defence of a suit in the name of the tenant, with his consent, the tenant cannot interfere with the cause to his prejudice. Doe *v.* Franklin, 7 Taun., 9. We think it was competent to the landlord to use the names of the plaintiffs to prosecute his writ of error upon his engagement to bear all the costs and expenses of the suit. Should the judgment be reversed, and the cause remanded to the Circuit Court for further proceedings, he may apply in that

court for leave to become defendant, instead of the heirs of the tenant.

Motion to dismiss overruled.