G. H. WALSER, Appellant, v. R. A. GRAHAM, Respondent.

Kansas City Court of Appeals, May 25, 1891.

45  629
49  375
45  629
55  347
45  629
60  324

1. **Landlord and Tenant:** NOTICE OF SUIT : STATUTE : DEFENSE. Though the statute, requiring the occupying tenant to notify the landlord of suit by a stranger to recover possession, makes no provision for making the landlord a codefendant, the manifest object is to enable the landlord to defend in the name of the defendant.

2. —— : —— : TENANT'S COGNOVIT ACTIONEM : PREJUDICE OF LANDLORD : DEFENSE. In an action by a stranger for possession of the leased premises, when the landlord defends in the tenant's name, a stipulation of the tenant will not be acted upon to the prejudice of the landlord, and judgment entered on such stipulations may on proper application be set aside and the landlord may, on proper application and indemnity to the tenant, be permitted to conduct the defense.

3. —— : —— : DISPUTING LANDLORD'S TITLE. As a tenant cannot dispute his landlord's title, he cannot by stipulation for judgment transfer his possession to one who can.

4. **Forcible Entry and Detainer:** TITLE : ENTRANCE : INSTRUCTION : THEORY OF TRIAL. The refusal of the court to admit in evidence certain deeds, taken with an instruction that it made no difference who had the title, serves to show the case was not tried upon the theory that the title was in either party.

5. **Trial Practice:** EXAMINATION OF WITNESSES : ASSUMING FACTS. Counsel in the examination of witnesses should not assume the existence of a fact, and then ask the witness if it is or is not true ; but in this case the action in this regard is not found to be prejudicial.

6. **Landlord and Tenant:** POSSESSION AT THE END OF TERM : SUBTENANT : TENANT'S LEASE FROM A STRANGER. When the tenant leaves at either the end of the term, or by surrender of the lease, the landlord comes into sole possession and must be considered as possessed of the premises, though not personally present, and such possession is not constructive but real, and whether a stranger should enter as a mere intruder, or with the assent of the out-going tenant, is a matter of no consequence. The fact that a tenant in under a lease may also take a lease from a stranger, without the knowledge of the landlord, will not have the effect to disturb the continuity of the landlord's possession.

7. —— : ABANDONMENT OF TERM : ENTRY OF INTRUDER : INSTRUC-
TIONS. If the tenant leaves before his term expires, and an intruder
enters adversely, to the landlord, but leaves at the end of the
term of the abandoning tenant, when another tenant enters under
the landlord, the landlord's possession continues, even though the
last tenant may, without the landlord's knowledge, have also taken
a lease from a stranger. Instructions relating to this subject and
set out in the opinion are reviewed, and one approved and the other
condemned.

*Appeal from the Vernon Circuit Court.*—Hon. D. P.
STRATTON, Judge.

REVERSED AND REMANDED.

*G. H. Walser*, for appellant.

(1) Besides the above and foregoing direct evidence to prove title in Morgan, the whole intention of the defendant's evidence was to show title in Morgan, and a right of entry by the defendant under him, which cannot be done. Our statutes and the decisions exclude all inquiry into the title or the ownership of the land ; and limit the contest to the present right to retain possession of the premises. R. S., sec. 5111 ; *Silvey v. Sumner*, 61 Mo. 255 ; *Van Eman v. Walker*, 47 Mo. 169 ; *Beeler v. Caldwell*, 33 Mo. 86 ; *Krevit v. Meyer*, 24 Mo. 107 ; *Kregg v. Donnelly*, 24 Mo. App. 342 ; *Dillworth v. Fee*, 52 Mo. 252 ; *Kregg v. Donnelly*, 28 Mo. App. 342. (2) We think the attorney for the respondent went beyond the rules of law in the examination of his witness. (3) Plaintiff once being in possession, a temporary absence does not deprive him of his remedy of forcible entry and detainer. *DeGrew v. Prior*, 53 Mo. 313 ; *Edwards v. Cary*, 60 Mo. 572. (4) When a tenant leaves the possession, the landlord comes into the possession, though not personally present. *Mayo v. Luckett*, 48 Mo. 472 ; *Krank v. Nichols*, 6 Mo. App. 72. (5) The court erred in refusing the declaration of law prayed for by the appellant. We think instruction,

numbered 5, should have been given. A tenant cannot in an underhanded or secret manner ignore his landlord, and by implication give a third party possession of the land through him. Howe and Green could not affect plaintiff's rights of possession by any secret understanding with Morgan. *Farren v. Heinrich*, 86 Mo. 521; *McCartney v. Auer*, 50 Mo. 395 ; *Schultz v. Lindell*, 33 Mo. 172 ; *Baker v. Calvin*, 60 Mo. 559. ( 6 ) The sixth instruction should have been given. If plaintiff leased the land to Coiner from March 1, 1880 to March 1, 1881, and Coiner left the land before the expiration of his lease, the possession reverted to plaintiff, and the presumption is, plaintiff continued in possession, and that presumption can only be destroyed by possession by defendant, for the term of three years. R. S., sec. 5112 ; *Bradley v. West*, 60 Mo. 60 ; *Powell v. Davis*, 54 Mo. 315. ( 7 ) We come now to consider the action of the trial court in regard to the stipulations filed in the case. That contract of stipulation should have been upheld and sustained by the court, notwithstanding the contract was made on Sunday evening. It is not void. *Glover v. Cheatham*, 19 Mo. App. 657. The defendant could not sell the note and keep the proceeds, and at the same time ignore his contract. A contract of stipulation is binding until impeached for fraud, in the same manner that other contracts are avoided, on issues joined in a trial before the court ; until that is done, they are binding on all courts and on all parties. 1 Thompson on Trials, secs. 193, 194, 195, 196 ; *Banks v. Trust Society*, 4 Sand. Ch. ( N. Y. ) 438 ; *Staples v. Parks*, 41 Barb. ( N. Y. ) 648 ; *Caldwell v. Mc Williams*, 65 Ga. 99 ; *Bingham v. Supervisors*, 6 Minn. 136 ; *James v. Kimbo*, 6 Humph. ( Tenn.) 319 ; *Keogh v. Main*, 52 N. Y. 160 ; *Conner v. Beldin & Dally*, N. Y. 257 ; *Wells v. Express Co.*, 49 Wis. 224. ( 8 ) The stipulation was filed and Mr. M. T. January, an attorney at law, appeared for Graham, and asked the court to grant plaintiff a new trial, as per the said stipulation. Notwithstanding all

this the court, at the instance of A. D. Morgan, over-ruled said stipulation, which we think the court was not warranted in doing. In addition to the authorities above cited, we call attention of the court to *Railroad v. Stevens*, 36 Mo. 153; *Gillman v. Ins. Co.*, 67 Cal. 66; *McKinley v. Mining Co.*, 7 Brad. (Ill.) 386; *Leschening v. Allen*, 20 Pac. Rep. 332; *Mullanphy v. Riley*, 10 Mo. 389; *Franklin v. Ins. Co.*, 43 Mo. 493; *Hannah v. Taylor*, 27 Mo. App. 312; *Turppy v. Harling*, 46 Mo. 135. (9) A. D. Morgan appeared and filed his motion to continue the case in Graham's name, which is a very remarkable legal document. Plaintiff filed his motion to strike said paper from the files. The court overruled said motion to strike out, and both the plaintiff and defendant Graham duly excepted. The court cannot force the continuation of a suit against a person's will at the instance of an outside party. 1 Wait's Actions & Defenses 143; *Foster v. Daw*, 59 Mo. 442; *Cottrill v. Jones*, 11 C. B. 713.

*Buler & Timmonds*, for respondent.

(1) Appellant is mistaken when he asserts, on page 33, that the case was tried in the court below, on the theory that the title of the land in dispute was a proper subject of inquiry. At different times the court excluded evidence on the ground that it might tend to show title in defendant's landlord. (2) Appellant complains that respondent's attorney went beyond the rules of law in the examination of witnesses. That may be so; but appellant's attorney did not think so at the time strong enough to save the point (if any) by objections, exceptions or motion for new trial. (3) Appellant complains that the court refused the instructions offered by him. An examination of the twelve instructions which were given will show some of them to be nearly exact copies of some presented by appellant; and will further show that they fairly presented

the case to the jury, and as favorably to appellant as he ought to expect. And there is no error in them. (4) Graham being only a tenant at the time of the institution of the suit, having moved off the place at the time of signing the agreement or stipulation, being only a nominal defendant, and having no interest in the case, had no right to make a stipulation which would deprive his former landlord of his possessions. (5) The second stipulation, procured by plaintiff from Graham, February 21, 1890, more than two months after the final trial of the case, nearly three years after Graham had quit the premises and delivered possession to his landlord, while Graham was leaving the state, smacks more of fraud than the former one. In consideration of $25, judgment was to be rendered for $200; plaintiff was to have possession of the premises occupied by Graham's landlord, plaintiff was to employ an attorney to represent defendant; and "no other attorney is authorized to appear for me, or represent me in said cause." When a landlord has undertaken the defense of a suit in the name of his tenant, with his consent, the tenant cannot interfere with the cause to his prejudice. *Kellogg v. Forsyth*, 24 How. 186; *Doe v. Franklin*, 7 Taun. The tenant must regard the interest of his landlord, with respect to possession, and not only maintain fealty, but give due notice of any attempt to dispossess him. Taylor's Landlord & Tenant, sec. 180; R. S., sec. 6364. Even if landlord's title is fraudulent as against other parties, tenant cannot deny or attorn. 1 Parsons, Contracts, p. 507. A tenant is required, under penalty, to notify his landlord when he is served with summons to recover the tenements held by him. R. S., sec. 6364. The tenant is prohibited from attorning, without the written assent of his landlord. R. S., sec. 6368; *McCartney v. Auer*, 50 Mo. 397. When the tenant transferred possession back to his landlord, he thereby transferred his interest in this suit, and the landlord became entitled to defend the suit

in the name of the original party. R. S., sec. 2204; *Smith v. Phelps*, 74 Mo. 598. In suit in ejectment, where landlord has been made party defendant, the court will not permit plaintiff to dismiss as to the landlord. *Hayden v. Stewart*, 27 Mo. 286. At common law, the landlord had the right to come in and defend a suit against his tenant. *Sutton v. Casseleggi*, 77 Mo. 408; *Hill v. Atterbury*, 88 Mo. 118. Morgan was not only defendant's landlord, but he is his bondsman in this case, and for that reason has a right to defend. *Jewett v. Crane*, 13 Abb. Pr. 97; 35 Barb. 208.

SMITH, P. J.—This is an action for forcible entry and detainer for the recovery of the possession of eighty acres of land in Barton county. From the defendant's statement of the case, which is substantially correct, it appears that the defendant was occupying the premises sued for, as tenant of A. D. Morgan, under a written agreement, for a term commencing January 31, 1883, and ending March 1, 1885. When summons was served on the defendant Graham, he immediately notified his landlord, Morgan, and requested him to defend the suit, which Morgan agreed to do, and did do, employing the law firm of Buler & Timmonds for that purpose. On trial before the justice of the peace, judgment was rendered in favor of plaintiff, and an appeal was taken to the circuit court of Barton county, Morgan signing the appeal bond. The case was tried three times in said circuit court; at said trials plaintiff had verdict once and the defendant twice; but, for one reason and another, new trials were granted, and the plaintiff removed the cause to the circuit court of Vernon county on change of venue. At the November term, 1889, of the Vernon circuit court, the case was again tried, and the defendant again had verdict and judgment in his favor, and it is from that judgment that appellant has appealed to this court. The defendant Graham remained in possession of the premises in dispute, as tenant of Morgan, till about April 1, 1887,

when he delivered possession to his landlord and moved
to a neighboring town, and went to work as a section
hand on a railroad. While thus employed as a section
hand, on the last Sunday night in August, 1887, after
this case had been twice tried in the circuit court, the
plaintiff went to the town, where defendant Graham was
residing, and, without the knowledge of Morgan, or of
the attorneys defending the case, induced Graham to
sign a stipulation for judgment in this case in favor of
the plaintiff. Circuit court convened on the fifth of
September, 1887, and on that day plaintiff filed, or
caused to be filed, the stipulation above mentioned. In
the meantime, Graham had informed his former land-
lord, Morgan, of the transaction between himself and
plaintiff, and, on the same day the stipulation was filed,
appeared in open court and asked leave to withdraw the
stipulation. "Whereupon the court, after hearing the
evidence offered by plaintiff and defendant, found that
defendant ought to be allowed to withdraw said stipula-
tion, and so ordered, and the same was by defendant
withdrawn."

Plaintiff filed motion for a new trial, complaining
of alleged errors committed by the court at the trial,
and also afterward filed a motion for judgment, not-
withstanding the verdict of the jury, basing his motion
upon the stipulation hereinbefore mentioned. Both of
said motions were, by consent of parties, continued till
the May term, 1890, of the Vernon circuit court, when,
on the thirteenth of May, M. T. January, an attorney,
appeared in open court and filed a second stipulation
for judgment in favor of plaintiff, signed by Graham, at
the same time announcing to the court that the stipula-
tion was handed to him by the plaintiff Walser, and
that it was at his, Walser's, instance and request he
was filing the same, and that he had not seen the
defendant Graham since the trial. In the meantime,
Graham had left the state, and, as we supposed, had
gone to Colorado. On the twenty-third of June, 1890,

plaintiff filed a second motion for new trial, and on the same day a second motion for judgment, based on the second stipulation signed by Graham and filed by M. T. January, above mentioned.

While all the foregoing motions were pending, A. D. Morgan, who was Graham's landlord, and who was at that time still in possession of the land sued for, and who had at his own expense been defending the suit from the beginning, and who was Graham's bondsman in this suit, made written application, under oath, to the circuit court to be permitted to continue the defense of the suit in the name of the defendant Graham, or to be substituted as party defendant in the place and stead of Graham, and proposed to give any bond the court might require. Plaintiff thereupon filed his motion to strike out said application of said Morgan for the reason that it was not a proper paper to be filed in the case. The court overruled said motion to strike out; sustained the application of Morgan, and made an order permitting, authorizing and empowering him to continue the defense of the suit in the name of the defendant Graham ; but required him to give bond to indemnify Graham against. all costs and damages occasioned by the continuation of this suit, and to abide by, pay and satisfy any judgment which might finally be rendered against said Graham in said case. The bond was given and approved by the court.

I. The principal question argued by counsel, both here at the bar and in their briefs, was as to the propriety of the action of the trial court in respect to the 'stipulations presented to it by the plaintiff. The underlying question in the case, as we think, is whether the defendant Graham, the tenant of Morgan, the person under whom he held, could, after having given notice to the latter that a summons in the action had been served upon him, make a valid contract with the plaintiff that judgment be rendered in favor of plaintiff, and against defendant in the cause, without the assent of

Morgan, his landlord. The statute in relation to land-lord and tenant, section 6364, provides that every tenant on whom a summons in an action to recover the tenements held by him shall be served shall forthwith give notice thereof to the person of whom such tenant holds, under the penalty of forfeiting to such person the value of three years' rent of the premises occupied by him. Neither the statute in relation to forcible entry and detainer, nor that of landlord and tenant, makes provision for making the person from, or through, whom a party in possession claims, a codefendant, when the party in possession is sued, as is the case in actions of ejectment. R. S., secs. 4629, 4630. The manifest object of the statutes, in requiring the occupying tenant, when an action is brought by a stranger against him to recover the possession of the demised premises, to forthwith give notice thereof to his landlord, is to enable the latter to defend the action. He is the main party in interest. The tenant may have little or no interest in defending his possession. He may feel disinclined to go to the necessary expense of employing counsel or procuring evidence to make the defense. He may prefer to surrender the possession, or let judgment go against him by default rather than assume the burden of resisting the action. The validity of the landlord's title may depend upon the maintaining of the possession. The intention of the statute in requiring the tenant to give him notice was for the purpose of permitting him to defend the action in the name of the defendant. If such had not been its purpose, it would have provided that he be made a codefendant. If such was not its intention, why require that he be notified by the tenant? If he cannot be made a codefendant, and cannot defend in the name of the tenant, then, indeed, is the statute a meaningless thing. If the statute does not, by necessary implication, authorize the landlord, in case of a suit against his tenant by a stranger to recover the demised premises, to appear and defend in the name of the

tenant with like effect, as if he were a codefendant, or the sole defendant, then an unscrupulous tenant has it in his power to enter into an agreement with the plaintiff whereby he may barter away the hapless defendant's right of defense; but to say that a tenant can do this, is to say that the landlord's rights are entirely subject to the caprice and whim of his tenant. This would render his possession of the demised premises extremely precarious and uncertain.

In the action of ejectment where the landlord defended in the tenant's name, it has been decided that a *cognovit actionem* of the tenant will not be acted upon by the court to the prejudice of the landlord. *Kellogg v. Forsyth*, 24 How. 186; *Doe v. Franklin*, 7 Taun. 9. And no reason is perceived why it would be different in an action of this kind. As neither the first nor the last *cognovit* which the plaintiff presented for the action of the court was executed with the assent of Morgan, the landlord, for that reason, if for no other, the rulings of the court in respect thereto have our approval.

Again, a tenant cannot dispute the title of his landlord. *Pentz v. Kenster*, 41 Mo. 447. But if the plaintiff's position is correct, the tenant can, by suffering judgment for the possession to go in favor of plaintiff in an action like this, place another in his shoes who can. This, in its practical effect, would be an assignment of the tenant's term without the assent of the landlord, which the statute expressly interdicts. Sec. 3075. Nor is any valid objection perceived to the action of the court in permitting Morgan to continue the defense of the action in the name of the defendant, nor requiring him to enter into a good and sufficient bond to defendant to pay all costs and damages occasioned by the continuation of the suit, and to pay and satisfy any judgment which should be finally rendered against him in the cause.

II. As to the plaintiff's contention in respect to the action of the court in admitting evidence, it is

sufficient to say that as to so much thereof as the plaintiff has preserved an exception to, while perhaps irrelevant, its harmful character is not perceived. The defendant offered in evidence a number of deeds, one of which was from the Ellis heirs to Morgan for the land in controversy, and not for the purpose of proving title, but to show along with other circumstances in evidence that plaintiff, who had an abstract of Barton county land titles, and was familiar with the title to this land, when he learned that Morgan had acquired such title, abandoned the land. This evidence was excluded by the court on the ground that it might tend to show title in Morgan, the defendant's landlord. This ruling of the court, in connection with the instruction, to the effect that it made no difference who had the title to the land, nor who was the owner, persuades us that the plaintiff is in error in supposing that the case was tried upon the theory that the title was in either plaintiff or Morgan.

III. While the mode of examination pursued by defendant's counsel was subject to some criticism, we cannot discover from the entire record before us that the action of the court in permitting it was so prejudicial as to call for an interference. Counsel in the examination of their own witnesses should not assume the existence of a fact and then ask the witness whether it is or is not true. This is in its nature leading the witness, and such practice ought not to be indulged in.

IV. The plaintiff complains of the action of the court in refusing the following instruction : "If the jury believe from the evidence that Walser was in the peaceable possession of the land in 1880, by J. D. Coiner, his tenant, under a lease from March 1, 1880, to March 1, 1881; that Walser made a lease to one J. R. Howe, from March 1, 1881, to March 1, 1882, and that Howe occupied the land ; that Walser made a lease to Green from March 1, 1882, to March 1, 1883, and that Green occupied the land until January, 1883, when he left, and that defendant Graham went into possession

of the land about February 11, 1885, without Walser's consent, you will find for the plaintiff. And in this connection you are further instructed that it does not alter the case if Howe and Green and the defendant also had leases from Morgan ; if you shall believe from the evidence that such leases were made by Morgan, without the knowledge or consent of Walser.'' The undisputed evidence was that the plaintiff was in possession of the land in March 1, 1880, and that he then rented the same to J. D. Coiner for one year, so that it is not controverted that Coiner's possession was solely under the plaintiff. It further appears that J. D. Coiner' abandoned the possession of the land before the end of the year, and one J. S. Coiner went into possession and so continued for the remainder of the term the land was let to J. D. Coiner. There was evidence showing that J. S. Coiner was a cousin of J. D. Coiner, and that the former went into the possession of the abandoned premises with the assent of the latter, and also of Morgan. The plaintiff does not seem to have known of the change in the occupancy of the premises. After the expiration of the term of J. D. Coiner, the plaintiff leased the premises respectively to Howe and Green for the years 1882 and 1883, and Howe and Green also rented the premises of Morgan for these years. But Graham, who went into possession under Morgan, did not rent of plaintiff, as did Howe and Green. It does not appear that plaintiff was apprised, during the terms of Howe and Green, that they had rented also of Morgan. From this it appears that, at no period of time from the date of the leasing by plaintiff of the premises to J. D. Coiner to the end of Green's occupancy, was the plaintiff out of the actual possession of the land. It cannot be seriously maintained that the occupancy of J. S. Coiner was a dispossession of the premises by plaintiff. J. S. Coiner was the subtenant of J. D. Coiner, and the possession of the former was that of the latter, and the plaintiff. The permission

given by J. D. Coiner to J. S. Coiner to occupy the premises in his stead was, in effect, an assignment of an unexpired term without the assent of plaintiff, which was void under the statute, yet this did not have the operative effect to render the occupancy of J. S. Coiner adverse to the plaintiff. In *May v. Luckett*, 48 Mo. 472, it was said : " When a tenant leaves either at the end of the term or by surrender of the lease, the landlord comes into sole possession, and he must be considered as possessed of the premises, though not personally present, and it is not the constructive possession alone, arising from title, for that is not sufficient to maintain this action, but real possession arising from his relation of landlord ; and, when he put the tenant in, he held through the tenant and continued and became exclusive at the termination of the tenancy, and until he has time by his acts to indicate his intention in regard to the possession. Can it be pretended that an owner of land loses his actual possession because, after the expiration of his tenant's term, and, perhaps, before he can find another, some intruder enters and takes possession. Whether the intruder be a mere trespasser or have good title makes no difference. If a landlord, when not present, were held to be out of possession when the tenant has left, so that a stranger or adverse claimant could enter and hold until ejected by proof of title, the greatest frauds might be practiced and this beneficent statute deprived of its chief efficacy."

Whether J. S. Coiner was a mere intruder, or entered into possession of the premisses with the assent of both J. D. Coiner and Morgan, would be of no consequence. It must follow that the renting of the premises by Howe and Green, of Morgan, without the knowledge of plaintiff, did not have the effect to disturb the continuity of the plaintiff's possession, from the time he rented to J. D. Coiner until the defendant's entry into possession. *Farren v. Heinrich*, 86 Mo. 521 ; *McCartney v. Auer*, 50 Mo. 397.

We must think the court erred in refusing this instruction.

V.   The eighth instruction given by the court, thus: " If plaintiff rented the land to J. D. Coiner from March 1, 1880, to March 1, 1881, and that the latter left in September, 1880, and that J. S. Coiner took possession of the same adversely to plaintiff, and that the said J. S. Coiner left the place in the spring of 1881, and that Howe and Green thereafter became the occupying tenants of Morgan, the finding should be for defendant," we think should not have been given.   As has already been stated, in no view of the evidence could the occupancy of J. S. Coiner be held to be adverse to the plaintiff.   There was no evidence to justify the submission of this theory of the case to the jury.   J. S. Coiner's occupation of the premises did not have the effect to dispossess the plaintiff.

For these reasons the judgment must be reversed, and the cause remanded.   All concur.