G. H. WALSER, Appellant, v. R. A. GRAHAM, Respondent.

60  323
86  299

Kansas City Court of Appeals, January 14, 1895.

1. **Landlord and Tenant**: END OF TERM: LANDLORD'S POSSESSION. Where a tenant leaves at the end of his term or by surrender of his lease, the landlord comes into sole possession and must be considered possessed of the premises, though not personally present.

2. ———: ABANDONMENT: WRONGFUL ENTRY. Where a tenant abandons the premises, a third person who enters without the landlord's consent becomes a wrongful intruder.

3. **Appellate Practice**: SECOND APPEAL. Where a case has been decided by the appellate court and comes again to such court, only such questions will be noticed as were not determined in the previous decision; but such questions as are not so determined will be open for consideration on the second appeal.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*G. H. Walser* for appellant.

(1) The court erred in giving instruction number 2, at the instance of defendant on the question of abandonment: *First*. There is no evidence to support such instruction. *Second*. It does not give the

law of abandonment. To constitute abandonment there must be the concurrence of the intention to abandon, and also an absolute relinquishment of the thing abandoned, so it may be appropriated by the next comer. *Judson v. Malloy*, 40 Cal. 299, 309; Webster's Dictionary, "Abandonment;" Bouvier's Law Dictionary; *McGoon v. Anky*, 11 Ill. 558; 2 Washburn on Real Property [4 Ed.], p. 371; *Duffy v. Willis*, 99 Mo. 132; *Comstock v. Eastwood*, 108 Mo. 31. (2) Instruction is argumentative when it relates to facts having no tendency to support the theory presented. *Ludwig v. Sager*, 84 Ill. 99; *Thorp v. Growly*, 85 Ill. 612; Sacket on Instructions, 14; *State v. Orr*, 64 Mo. 339; *Morris v. Lackman*, 8 Pac. Rep. (Cal.), 799.

*H. C. Timmonds* for respondent.

The case was tried in all respects in accordance with the rulings of this court on the former appeal; and there is now no error in the case. The points now presented are *res adjudicata*. *Leeser v. Bockhoff*, 38 Mo. App. 445. Respondent submits that the judgment ought to be affirmed.

SMITH, P. J.—This is an action of forcible entry and detainer. The evidence contained in the present record does not materially differ from that to be found in the record of the case when it was previously here. It will, therefore, be sufficient for a correct understanding of the questions raised by the present appeal, to refer to the report of the case in 45 Mo. App. 629.

When the case was here before, the judgment was reversed and the cause remanded because of errors contained in certain instructions given for the defendant. Since then the case has been again tried, resulting in judgment for defendant, from which the plaintiff has appealed.

The instructions given by the court for the plaintiff fully presented to the jury every conceivable aspect of his case. There is no proposition asserted by those of his series which were refused, that is not embraced in those given. The latter presented a very full and fair exposition of the rules of law applicable, under the evidence, to his side of the case, so that there is no substantial ground of complaint to be urged against the action of the court in that regard.

The plaintiff assails the judgment, however, mainly on the ground that the court erred in giving an instruction for the defendant, which declared to the jury, that "if they believed from the evidence that Walser had been in possession of the premises, still if you shall further believe from the evidence that, at the time Graham went into possession of the same, Walser had abandoned the place (that is, that he did not, at that time, intend to occupy or use it further), then you should find the defendant not guilty; and, in determining whether or not Walser had abandoned the place, you may take into consideration all the facts and circumstances given in evidence, and if you shall believe from the evidence that, at the time of Graham's entry, Walser had abandoned the place, with no intention, at that time, of asserting any right or claim thereto, then any change of such intention (if there was such change) would not give him any right to recover in this action" for the reason there was no evidence to justify the. giving of the same. This objection, it seems to us, is insurmountable.

The indisputable evidence is to the effect that the plaintiff leased the premises, *first*, to J. D. Coiner for one year from March 1, 1881; *second*, to D. H. Green for a like term from March 1, 1882; *third*, that Green abandoned his lease on January 9, 1883; *fourth*, that defendant took possession on January 31, 1883, and,

*fifth*, that plaintiff was not made aware that Green had abandoned the possession of the premises, nor that defendant had entered into the same until some time after both occurrences. It clearly appears from the evidence that the principle of the defendant's instruction, in relation to abandonment, is without application in this case.

It is now the well settled law of this state, that where a tenant leaves at the end of his term, or by surrender of the lease, the landlord comes into sole possession and must be considered possessed of the premises though not personally present. It is not the constructive possession alone, arising from title, for that is not sufficient to maintain this action; but a real possession, arising from his relation as landlord, had put the tenant in, held through the tenant, and continued and became exclusive at the termination of the tenancy and until he has time, by his acts, to indicate his intentions in regard to the possession. A landlord does not lose his possession because, after the expiration of the tenant's term, an intruder enters and takes possession. And, whether the intruder be a mere trespasser, or have good title, makes no difference. If the landlord, when not present, were held to be out of possession when the tenant has left, whether before or at the end of the latter's term, so that a stranger or adverse claimant could enter and hold until ejected by proof of title, the greatest frauds might be practiced and the statute deprived of its efficacy.

It must be remembered that Green was plaintiff's tenant, and when, after the former's abandonment of the premises, the defendant entered without plaintiff's consent, he was no more than a wrongful intruder upon plaintiff's lawful possession. And whether the defendant entered under a lease from Morgan, who had acquired the Ellis title to the premises, or as a mere intruder, is

unimportant, in so far as plaintiff's rights are affected, as will be seen by reference to these adjudications. *Warren v. Ritter*, 11 Mo. 356; *May v. Lockett*, 48 Mo. 474; *Comstock v. Eastwood*, 108 Mo. 41; *Walser v. Graham*, 45 Mo. App. 629. We do not think the defendant was entitled to go to the jury upon the theory of abandonment, and, therefore, the giving of the instruction embracing that theory was error.

The defendant insists, however, that the point which we have just been considering was presented by both parties on the former appeal, and that, therefore, it must now be considered *res adjudicata*. It is true that, among the twenty-two instructions presented for our consideration, on the former appeal, there was one or more for defendant, which submitted the case to the jury on the theory of abandonment; but at the argument on that appeal, no special objection was urged to the action of the court in the giving of the instructions embodying that theory. But, whether this be true or not, the report of our decision shows that the question of the propriety of the action of the court in letting the case go to the jury on such theory, was not passed upon or determined by us, so that we are not precluded, in the present appeal, from revising the action of the court in submitting that theory to the jury by an instruction. The rule is well settled that, when a case has been decided by an appellate court, upon solemn argument, and again comes to such court by appeal, or writ of error, only such questions will be noticed as were not *determined* in the previous decision. *Hombs v. Corbin*, 34 Mo. App. 393; *Conroy v. Iron Works*, 75 Mo. 651; *Bank v. Taylor*, 62 Mo. 338; *Overall v. Ellis*, 38 Mo. 209.

Since this case has been pending in the various courts for so long—nearly twelve years—it is a matter of regret that instead of affirming, we are compelled to

reverse the judgment and remand the case, on account of the error in the giving of the instruction for defendant hereinbefore mentioned.    All concur.