DAVID PREWITT *et al.*, Respondents, *v.* JAMES BURNETT *et al.*, Appellants.

1.* *Forcible entry and detainer—Possession sufficient to maintain an action for.* — The fact of previous peaceable possession by plaintiff *is* all that is necessary to enable him to maintain an action for forcible entry and detainer. Questions touching the right of possession can not be raised in this action.*

2. *Forcible entry and detainer — Possession, actual and constructive — Constructive, when sufficient.*—One in actual possession of a part of a tract of land, and holding the whole under claim and color of title, will in law be held to be in possession of the remainder, and actual occupancy thereof will not be necessary to entitle him to action for forcible entry and detainer; and for the purpose of that action the boundaries will be fixed as they are known and recognized, and not as they may be established by actual survey. *

## *Appeal from Fourth District Court.*

*A. W. Mullins,* for appellants.

I. Agreements in regard to boundary lines, like all other agreements, are of no binding force upon the parties if founded upon mutual mistake in material facts. (Knowlton v. Smith, 36 Mo. 507, 513–14; Menken v. Blumenthal, 27 Mo. 198, 203–4.)

II. Color of title, with possession of a part of a tract, extends such possession no further than that embraced in the deed showing color of title. It can not include any part of adjoining tracts. (Cottle v. Sydnor, 10 Mo. 765 *et seq.*) When a person is in possession of part of a tract of land, with color of title to the whole, he is deemed to be in the actual possession of the whole, because the entry under such deed explains the intention of the party—which would otherwise be uncertain—when he performs the act. (Hardisty v. Glenn, 32 Ill. 64.) The fact of such intention to hold, and the claim beyond the actual possession, can be established as well by any other competent evidence as the deed. The courts have even gone so far as to admit the declaration of a party at the time of his entry to show the extent of his possession. (Hardisty v. Glenn, 32 Ill. 64; Blackw. Tax Tit., ch. 39, p. 664, ed. 1855.) And when the claim and intent

to hold beyond the actual occupancy is shown by any competent evidence, the possession will be extended coextensive with such claim and intention.

BLISS, Judge, delivered the opinion of the court.

The plaintiffs and defendant were adjoining proprietors, and the litigation grew out of an attempt on the part of defendant to re-adjust the boundary line. In 1854 the line was run by the county surveyor, and defendant's grantor, supposing it to have been correctly located, placed his fence upon it, and plaintiff cultivated up to it. In 1869 the defendant procured a re-survey, which placed the dividing line further south, so as to include a strip hitherto in possession of the plaintiffs; and having moved his fence so as to take in the disputed strip, the plaintiff brought his action of forcible entry and detainer, and obtained judgment. Among the questions decided by the court and excepted to by the defendant was the old one so often decided, and always in the same way, to-wit: that previous peaceable possession by the plaintiff, and not the right of possession, is all that is necessary to enable him to maintain this action. Many of the instructions to the jury, asked for by defendant and refused, seem to have been based upon the idea that the correctness of the location of the fence and the right to the possession of the parcel of land between the old and new fence were involved. But those questions, as we have so often held, can not be raised in this form of action. If the plaintiffs were in peaceable possession of this strip of land—whether rightfully or wrongfully does not matter—and if defendants, within three years, forcibly took possession of the same, this action will lie, but only to restore the possession. All questions of title and of right remain as before; and if the present defendant wishes to establish a new boundary line to conform to the last survey, he must initiate proceedings giving to the present plaintiffs the advantage of possession.

A question was raised pertaining to the constructive possession of the plaintiffs before the entry of defendant. The plaintiffs held by deed covering a certain quarter-section which was supposed to include the land in dispute. Defendant claims that this land

ought to belong to his farm; that if the line was run correctly according to the last survey, it would be thrown outside the plaintiffs' tract; hence his actual possession of other parts of the tract, with color of title to and claiming the whole, can not include the strip in dispute. But the court held, and held correctly, that this possession extended to the recognized boundaries of the quarter-section. No other position would bear a moment's scrutiny. If the owner and occupier of a farm were to be treated as in or out of possession of that part adjacent to its boundaries, not as they were known and recognized, but as they might be established by different surveys, there could be no such thing as possession of land near a boundary other than by actual occupancy.

The only question on which there is any doubt is embraced in the third and fourth instructions given, and pertains to presumptive possession from previous occupancy. The position of the court is stated rather too broadly in the third, but, as applied to the evidence, it could not have misled the jury. Before the entry of defendant the plaintiffs had been recently in actual occupancy of a small field including the strip in controversy, and the jury were told that if the plaintiffs had at any time before the defendant's entry had possession, it was presumed to continue until such entry unless abandoned. But whether this and the fourth instruction were strictly correct or not is of no importance, as plaintiffs' possession is not made to depend upon previous actual occupancy of the strip in dispute, but upon the fact that it was a part of their farm, whose possession under color of title was undisputed. This, as we have before seen, carried the possession to the boundaries of the farm, whether every portion was inclosed and cultivated or not, and included the parcel in controversy.

The other judges concurring, the judgment will be affirmed.