FRANCIS B. POWELL, *et al.*, Defendants in Error, *vs.* ANDREW J. DAVIS, *et al.*, Plaintiffs in Error.

54 315
67a 526

1. *Forcible entry and detainer—Possession—Entry—Cutting timber—Chain of evidence.*—The mere entry upon land and cutting timber is not of itself sufficient to sustain an action of forcible entry and detainer, but in connection with other circumstances it may form a very material link in the chain of evidence going to establish possession.

2. *Forcible entry and detainer—Possession—Intruder—Authority or title, lack of.*—Where a party occupies as a mere intruder, he will be confined to the land actually possessed; and where the reliance is on possession only, without exhibiting or claiming authority or title, he will be restricted to what he actually occupies.

3. *Forcible entry and detainer—Color of title—Possession of part.*—One in actual possession of a part of a tract of land, holding the whole under claim and color of title, will in law be held to be in possession of the remainder.

4. *Forcible entry and detainer—Possession of farms—Separate timbered land—Indicia of possession.*—Persons owning timbered land, situated separate and apart from their farms, who are accustomed to use it for the purpose of cutting wood and obtaining rails, exhibit such visible indicia of possession, as to authorize and justify the finding of an actual possession.

5. *Forcible entry and detainer—Possession of land, how evidenced.*—The owner is not always bound to be upon the land, either by himself or agent. An entry with the intention of permanent occupation, and clearing and fitting the land for cultivation, will be sufficient.

*Error to Adair Circuit Court.*

*James Carr*, for Plaintiffs in Error.

I. Cutting timber on land, which is the only possession plaintiffs had, is not such possession as to authorize the parties cutting to maintain an action of forcible entry and detainer. (Bell vs. Cowan, 34 Mo., 251; Rouse vs. Dean, 9 *Id.*, 301.)

II. As the plaintiffs did not enter under any color of title, they were not entitled to recover any more of said land than what they had actual possession of. (Harris vs. Turner, 46 Mo., 438; Prewitt vs. Burnett, *Id.*, 372.)

*J. L. Berry and B. G. Barrow*, for Defendants in Error, relied on Miller vs. Northup, 49 Mo., 397, and cases cited; McCartney's adm'r vs. Alderson, 45 Mo., 35 and cases cited; Bartlett vs. Draper, 23 Mo., 407; Hoffstetter vs. Blattner, 8 Mo., 276.

WAGNER, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer brought to recover the possession of a tract of land lying in Macon county. The case was transferred by change of venue to Adair county, and on the trial there was a verdict and judgment for plaintiffs.

Both parties claimed title to the premises, the plaintiffs under Macon county, and the defendants under the Han. & St. Joe. R. R. Co. But the only question now here for determination is, whether the plaintiffs were in such peaceable possession of the land as would enable them to maintain their action against the defendants for the subsequent ouster. It seems the land in controversy was a forty acre tract, mostly timbered, and situated some distance from plaintiff's other land.

The testimony tended to show, that plaintiffs cut wood and timber and made rails off of the land, and that they had got a man to clear up some five or six acres, and had agreed to let him have the part so cleared for a year to raise a crop on; that, while he was engaged in clearing the land, the defendants one day in his absence came upon the land, and with plank already fixed for the purpose put up a small shanty in one day, placed a tenant therein and took possession, and the next day, when plaintiffs' tenant returned to his work, he was ordered off.

As there was evidence tending to prove the issue raised by the plaintiffs, it will only be necessary to see whether the court properly declared the law.

For the plaintiffs, the court instructed the jury:

1st. That if they believed from the evidence, that the plaintiffs were at any time, within three years next before the commencing of the action, in the peaceable possession of the land in controversy, and while so possessed thereof, and before this action was commenced, the defendants without the consent of plaintiffs and against their will entered into and took possession, then they should find for plaintiffs.

2d. That, in order to constitute such possession in plaintiffs, it was not necessary that they should reside on the land

or stay there or keep agents or servants there, but that any act done by them upon the premises indicating an intention to hold the possession thereof in themselves was sufficient; and 3rd, if the jury believed from the evidence, that plaintiffs in 1871 went upon the land in controversy with the intention of holding the same, and of clearing and fitting any part of it for cultivation, and cut and corded wood thereon, and had rails made and posts cut on the same for the purposes of fencing said land, or any, part of it, for cultivation, and in the month of May, 1871, and prior to the 9th day of the month, were proceeding to have any portion of said land cleared up to have the same cultivated, then the jury were authorized to infer the actual possession of plaintiffs of the land at the time referred to, and if they should so find, and further believe from the evidence, that the defendants about the 9th day of May, 1871, entered into the possession of the said land, and withheld it from plaintiffs, and against plaintiffs' will, then they should find defendants guilty of forcible entry and detainer as charged, etc.

For the defendant the court gave the following instructions:

1st. The right to the possession is not before the jury, nor will the jury take into consideration the title, or whether Powell and Willingham or Davis has title to the land in controversy. The jury cannot take into consideration in any respect the title to the land.

2d. The entry upon a tract of land, and merely cutting timber thereupon, does not constitute a possession so as to authorize an action of forcible entry and detainer.

3d. If the jury believe from the evidence, that the plaintiffs had leased the premises in controversy to one Marmaduke, that said Marmaduke, at the time of the alleged forcible entry and detainer by tde defendants, was the tenant of plaintiffs under a lease of said premises, then the right of action accrued to said Marmaduke and not to plaintiffs.

4th. If the jury believe from the evidence, that the defendants, or either of them, wrongfully and without force by disseizin obtained possession of the land sued for, and continued

in possession of the same at the time alleged in the complaint, they will find for the defendants, unless they shall further believe from the evidence, that a demand was made in writing for the deliverance of the possession thereof by the plaintiffs, their agents or attorney, before the institution of this suit, and the defendants refused or neglected to give such possession.

The defendants asked eight instructions, in addition to those given, which were refused. If the instructions given fairly declared the law and covered the whole case, then it is unnecessary to examine those refused by the court. As the title could in nowise be called in question, the controversy is narrowed to the single point, whether the plaintiffs had peaceable possession of the tract of land when they were dispossessed by the defendants.

The instructions are direct and pointed as to this matter, and we would have been pleased if the court had given less instead of more.

It is unquestionably true, that a mere entry upon land and cutting timber is not of itself sufficient to sustain an action of forcible entry and detainer. (Rouse vs. Dean, 9 Mo., 301; Bell vs. Cowan, 34 Mo., 251.)

But in connection with other circumstances, it may form a very material link in the chain of evidence going to establish possession. Where a party occupies as a mere intruder, he will be confined to the land actually possessed, and where the reliance is on possession only, without exhibiting or claiming authority or title, he will be restricted to what he actually occupies. (Harris vs. Turner, 46 Mo., 438.) But where one is in actual possession of a part of a tract of land and holding the whole under claim and color of title, he will in law be held to be in possession of the remainder, and actual occupancy thereof will not be necessary to entitle him to an action of forcible entry and detainer. (Prewitt vs. Burnett, 46 Mo., 372.)

There may be possession in fact of unimproved and uncultivated land, and persons owning timbered land situated separate and apart from their farms, who are accustomed to

The owner is not always bound to be upon the land either by himself or agent. An entry with the intention of permanent occupation, and clearing and fitting the land for cultivation, will be sufficient. The plaintiffs under a claim of title were clearing portions of the land, and doing the acts generally done by persons who are in the possession of their own premises. This was sufficient to take the case to the jury, and from which they might well infer an actual possession.

Being so in possession, and fitting and clearing a part for cultivation, accompanied with color of title, carried the possession to the whole tract.

The point made, that if the plaintiffs had leased the land to Marmaduke, then the injury was done to his possession, and he would be the proper party to sue, is answered by the fact that defendants placed their house outside of the land alleged to have been leased to him, and therefore plaintiffs were the parties to whom the wrong was done. This part of the case was submitted to the jury by an unexceptionable instruction at the instance of the defendants, and the verdict is conclusive.

Upon the whole record the case appears to have been fairly tried, the instructions all taken together amounted to a just presentation of the law, and the judgment should be affirmed.

Judge Adams is absent; the other judges concur.