———o———

WILLIAM BRADLEY, Respondent, *vs.* CHARLES WEST, Appellant.

1. *Practice, civil—Instructions—Failure to give additional ones no ground of reversal, when.*—Where instructions given, correctly explain the law and cover all the issues in the case, the refusal of additional instructions cannot be assigned for error.

2. *Forcible entry and detainer—Possession by owner, what necessary to sustain a verdict.*—The possession of uncultivated land necessary to support an action of forcible entry and detainer on behalf of the owner, does not require the constant presence of plaintiff either in person or by agent. Any acts done by. him on the premises showing an intention to hold possession, for the purpose of cultivation and improvement, will be sufficient. Thus where plaintiff traced out the boundaries, threw up mounds at the corners of part of the land, and when defendant came on the ground, ordered him off with the assertion that the land belonged to plaintiff, proof of these facts would support a verdict.

### Appeal from Carroll Circuit Court.

**L. H. Waters,** for Appellant.

Plaintiff in this action must do some act furnishing visible tokens of occupancy. Temporary presence of itself is insufficient. (Miller vs. Northrup, 49 Mo., 398 ; DeGraw vs. Prior, 53 Mo., 313 ; Gittings vs. Moale, 21 Md., 135 ; Stewart vs. Wilson, 1 A. K. Marsh., 255 ; see also McCartney vs. McMullen, 38 Ill., 241 ; McCartney's Adm'x vs. Alderson, 45 Mo., 39 ; Harris vs. Turner, 46 Mo., 438 ; Miller vs. Shaw, 7 Serg. & R., 129 ; People vs. Nelson, 13 Johns., 340.) In this case plaintiff merely went on the land, paced off forty acres in the south-west corner with his cane, and made at each corner a mound as large as a man's head, which two days after were not sufficient to locate the land intended to be secured.

**M. T. C. Williams,** for Respondent.

The evidence of plaintiff's possession was sufficient. (Bartlett vs. Draper, 23 Mo., 409 ; Schneiding vs. Ewing, 57 Mo., 79.)

I. Actual possession of lands may be either *pedis possessione* or a substantial enclosure. (2 Bouv. Ins., § 2193, p. 482.) There may be possession, in fact, of unimproved and uncultivated land. (Wall vs. Nelson, 3 Litt. [Ky.], 398 ; Langworthy vs. Myers, 4 Iowa, 18 ; Allcott vs. Pearl, 11 Pet. [U. S.], 412 ; Powell vs. Davis, 54 Mo., 315.) The entry upon lands with the intention of clearing it and fitting it for cultivation, is such an entry as the jury may be authorized to infer actual possession from. (Humphrey vs. Jones, 3 Mon.

[Ky.], 261.) A different doctrine would place the owners of wild and uncultivated lands at the mercy of every intruder and trespasser who might choose to settle upon it. (Miller vs. Northrup, 49 Mo., 400.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of forcible entry and detainer, for a strip of land in Carroll county, and the instructions of the court constitute the only matters of inquiry.

The trial was before the court sitting as a jury, and the first declaration was to the effect that if plaintiff was at any time within three years next before the commencement of the action in peaceable possession of the premises, and whilst so in possession, and without his consent and against his will, defendant took possession, then the finding should be for the plaintiff, and that it was not necessary, to constitute possession of the premises, that the plaintiff should stand upon a part of the premises or keep his tenant there, but that any act done by him thereon, indicating an intention to hold possession for himself was sufficient to give him actual possession.

The second declaration was that if the plaintiff actually and peaceably entered upon the quarter section, which included the land in controversy, under a deed therefor to himself, claiming to own the same, and the land was vacant and unimproved, and the entry was with the intention of claiming and holding the possession, and he did any act thereon indicating an intention to hold and possess the same, then such entry was sufficient to give him the actual possession of the whole tract.

The third instruction declared that if plaintiff paid taxes on the land for a certain number of years, and afterwards made actual entry under a deed and claim of ownership, with the intention of taking possession thereof, the land being vacant and unoccupied, for the purpose of improvement and cultivation, and ascertained the lines and boundaries, and paced off or measured a portion of the tract for purposes of cultivation, and indicated the boundaries thereof, and did any other act indicating his intention to follow up such possession by

cultivation or improvement ; and while upon the premises actually and openly claimed the ownership and possession, then there should be a finding that the plaintiff was in peaceable possession.

The fourth instruction announced the proposition that if, while the plaintiff was in the peaceable possession of the premises, the defendant, by himself, his agents or servants, entered upon the premises without the consent and against the will of the plaintiff, and commenced to make or made any improvements, or cultivated thereon, against the express commands of plaintiff while upon said land and in actual possession thereof, the defendant was guilty of a forcible entry and unlawful de tainer.

The fifth instruction had been subtantially given before and needs no consideration.

For the defendant the court declared the law to be:

1st. That before the plaintiff could recover, it was necessary to show by a preponderance of evidence that he was lawfully possessed of the premises sought to be recovered, and that defendant, by force of strong hands, or by threats or other cir cumstances of terror, entered upon the possession and turned the plaintiff out, or unlawfully and wrongfully entered thereon.

2nd. If the land in question was vacant and unoccupied, and the plaintiff was the owner thereof at the time of defendant's entry, plaintiff's constructive seizin would not support the action. It must be proven that plaintiff was in the actual, visible possession of some part of the tract before he could recover.

3rd. To entitle the plaintiff to recover, in this case, it must appear from the evidence that at the time defendant entered, plaintiff had entered upon the land, and done such acts as would amount to open and visible *indicia* of possession. The acts done must be of such character as would indicate, to parties passing the land, an intention to hold the possession thereof in himself.

The court refused there declarations offered by the defendant, but if those already given correctly explained the law, and covered all the issues presented in the case, the refusal to give additional instructions cannot be assigned for error. However, from an examination of the refused instructions we think they are objectionable and liable to criticism.

The instructions, taken together, presented the law fairly and are in entire harmony with the previous decisions of this court. The land was uncultivated and unimproved, and of such land there may be such a possession as will sustain an action of forcible entry and detainer. The owner is not bound to be always on the land, either by himself or his agent, for the sake of actual manual occupation, and for the purpose of warning off intruders or trespassers. If an entry is made with the intention of retaining the permanent possession, and clearing and improving the land, and fitting it for cultivation, it may be sufficient, and authorize the inference that the possession is actual. Any act done on the premises, by the owner, indicating an intention to hold possession thereof to himself, will be sufficient to give him the actual possession.

The evidence showed that the plaintiff entered upon the land, for the purpose of cultivation and improvement, that he traced out the boundaries, and threw up mounds at the corners of a part of it, and when the defendant came upon it he ordered him off, and informed him that the land was his. This was such evidence as would support a verdict, and prevent our interference. (Bartlett vs. Draper, 23 Mo., 407; Prewitt vs. Burnett, 46 Mo., 372; Miller vs. Northrup, 49 Mo., 397; Powell vs. Davis, 54 Mo., 315; DeGraw vs. Prior, 53 Mo., 313.)

But in addition to the general principles laid down in the plaintiff's declarations, which are in accordance with the law as settled by this court, the defendant's instructions made it necessary, before there could be a verdict for the plaintiff, to find : that defendant entered upon the possession and turned plaintiff out, or that the entry was unlawful and wrongful;

State ex rel. v. Dunn, et al.

that the plaintiff was in the actual, visible possession of the land, and that at the time defendant entered, plaintiff had entered upon the land, and done such acts on the same as would amount to open and visible *indicia* of possession, and that it was necessary that such acts should have been of such a character as would indicate an intention, to parties passing the land, to hold the possession of the same.

It seems to me that these declarations were as favorable as the defendant could demand, and that all the instructions given in the case were so manifestly just, that there is no reasonable ground for complaint.

The judgment should be affirmed; all the judges concur.

————o————

