# SUPREME COURT OF OREGON,

## MARCH TERM, 1883.

EDWARD B. WATSON, *Chief Justice.*
WILLIAM P. LORD, } *Associate Justices.*
JOHN B. WALDO,

| | |
|---|---|
| 10 | 483 |
| 11 | 148 |
| 11 | 149 |
| 21 | 209 |
| 21 | 210 |
| 3* | 176 |
| 3* | 177 |
| 27*1052 | |
| 27*1053 | |

| | |
|---|---|
| 10 | 483 |
| 39 | 362 |
| 10 | 483 |
| 47 | 160 |
| 47 | 167 |

## TAYLOR *v.* SCOTT.

FORCIBLE ENTRY AND DETAINER.—The action of forcible entry and detainer is intended for the benefit of him whose possession is invaded. The gist of the action, and that which gives a justice of the peace jurisdiction, is the force, either in the entry or detainer, or both. The object of the statute is to prevent and punish the use of forcible and violent means in such cases, irrespective of the question of actual title, and where these do not exist, the action cannot be maintained.

FORCIBLE DETAINER—MUST BE BY FORCE.—It is not indispensable to a recovery for a forcible detainer, that actual force be proven, but in the absence of such proof, threats of personal violence, or such conduct as clearly evinces a determination to resist by force the entry of the plaintiff, must be shown. The mere surmise, or apprehension of the plaintiff that if he attempts to regain the possession he will be repelled by force, is not enough, but the words or acts of the defendant must manifest the present purpose to resort to force to defeat the attempt then being made by the plaintiff to re-enter into possession of the premises.

APPEAL from Umatilla County. The facts are stated in the opinion.

*Lucian Everts*, for appellant.

*J. H. Reed*, for respondent.

32

By the Court, Lord, J.:

This was an action of forcible detainer, in which the, plaintiff obtained a judgment for the restitution of the premises, and from which the defendant appeals to this court. The error assigned is the refusal of the circuit court to grant the motion of the defendant for a nonsuit, upon the grounds: 1. That the plaintiff failed to prove such a possession of the land in controversy as is sufficient to maintain this action; and 2. To prove that the defendant made use of any unlawful force in entering upon and detaining the same. It appears by the evidence in the bill of exceptions that the land in dispute is a part of the public domain of the United States, but belongs to that portion of it reserved from sale by the government, and known as railroad lands, and that neither party has any title to it. In substance, the testimony for the plaintiff is, that in April, 1881, he had two furrows ploughed around the quarter section in dispute, that in June he hauled some posts for fencing, and in August, lumber for a house, and in the fall of the same year did more ploughing, and also ploughed six or seven furrows around the section again; that in March, 1882, the plaintiff went back to the land, and found the defendant in possession and ploughing, did some ploughing himself, and also in April following, and at which time, he gave the defendant written notice requiring him to deliver possession to him; that in October, 1882, "he went back to the land to seed it, and found that the defendant had stretched a single wire around the quarter section. At that time, I attempted to go on the land, and the defendant told me, 'you cannot go on the land. I have got the land fenced, and I forbid you from coming inside.' I then turned away and came to Pendleton to consult lawyers as to my rights, and

about bringing an action to obtain possession." The evidence for the defendant is to the effect that in April, 1881, he had ploughed a furrow around the section in which the quarter section in question is situated; that the defendant and his hired man had ploughed during the month of March, 1882, about 30 acres, and that during that time some one, whom the defendant did not know, hauled away the lumber, but that it was not done at his request or upon his orders, and that he did not know anyone, or that the plaintiff claimed the land until the plaintiff notified him, and that he continued to occupy it when the plaintiff, in October following, came there and demanded possession, with the result as above stated.

The action of forcible entry and detainer is intended for the benefit of him whose possession is invaded, and without the possession, or the right of possession, when the action is commenced, the action cannot be maintained. What acts will be considered a sufficient visible *indicia* of possession is not always easy of solution. In *Bradley* v. *West*, 60 Mo., 63, the court say: "The owner is not bound to be always on the land, either by himself or his agent, for the sake of actual manual occupation, and for the purpose of warning off intruders or trespassers. If an entry is made with the intention of retaining the permanent possession, and clearing and improving the land, and fitting it for cultivation, it may be sufficient, and authorize the inference that the possession is actual." (*Miller* v. *Northrup, et al.*, 49 Mo., 400; *Powell* v. *Davis*, 54 Mo., 318.) But in *Preston* v. *Kehoe*, 15 Cal., 318, the court say: "When the land is that of the government, and the plaintiff has no further title than possession, that possession must be *possessio pedis*. He must show an actual inclosure, or something equivalent, as evidence of an actual exclusive appropriation and domin-

ion. If this were not so, a man might take up ten thousand acres of the public land by merely putting down stakes, or making a line of boundary." The consideration, however, of this question is not material to the decision of this case. The entry of the defendant is admitted to have been peaceable, and the relation of landlord and tenant does not exist between the parties. Let it be conceded, then, as was said in *Carter* v. *Van Dorn*, 36 Wis., 293, that "the plaintiff had a sufficient previous possession of the premises to maintain this action—a proposition, the correctness of which is denied, and may be well doubted, and that the entry upon the premises and the detention thereof by the defendant were unlawful, still the plaintiff is not entitled to recover in this action unless he proves that the defendant forcibly detains the premises from him." The language of our statute in such a case is: "and the possession shall be held by force;" and on this subject, Chief Justice Savage says, "the law is that the same circumstances of violence or terror which will make an entry forcible, will make a detainer forcible also;" (*People* v. *Rickert*, 8 Cow., 232,) and for a review of the authorities as to what constitutes a forcible entry, see note to *Evill* v. *Connell*, 18 Am. Dec., 139.

The real question, then, to be decided is, does the evidence tend to prove such forcible detainer? In our judgment, manifestly not. Merely saying to the plaintiff, "You cannot go on the land; I have got it fenced, and forbid you from coming inside," certainly does not tend to prove that the defendant would use force to keep possession of the premises. The defendant, like the plaintiff, claimed the right of possession as a settler, and it could hardly be expected, he would so far recognize the right of possession in the plaintiff as to extinguish his own possession by yielding it up on demand without objection; and the language he

used was only declaratory of his conviction of his superior and exclusive right of possession to the premises. It contained no element of menace, or threats of personal violence, nor indicated any purpose or determination to resist the entry of the plaintiff with force. In *Hodgkins* v. *Jordan*, 29 Cal., 578, the court say: "It is not indispensable to a recovery for a forcible detainer that actual force be proven, but in the absence of such proof, threats of personal violence, or such conduct as clearly evinces a determination to resist by force the entry of plaintiff, must be shown. The mere surmise, or apprehension of the plaintiff that if he attempts to regain the possession he will be repelled by force, is not enough; but the words or acts of the defendant must manifest the present purpose to resort to force to defeat the attempt then being made by the plaintiff to re-enter into possession of the premises." And in *Carter* v. *Van Dorn*, *supra*, it was held, where the defendant entered peaceably upon lands occupied for pasture and fuel, and he ordered the plaintiff off the premises with angry words and shaking of fists, and attempted to throw off wood which the plaintiff had placed on his wagon, but used no actual force to drive him off, that the action did not lie, and the court did not err in nonsuiting the plaintiff. "The gist of the action, and that which gives a justice of the peace jurisdiction, is the force, either in the entry or the detainer, or both. The object of the statute is to prevent and punish the use of forcible and violent means in such cases, irrespective of the question of actual title; and where these do not exist, the action cannot be maintained." (*Winterfield* v. *Stanis*, 24 Wis., 400.) There is nothing in the testimony tending to show that the defendant detained the premises by force, or threats of personal violence. The action is not intended as a substitute for the action of ejectment, but it seems to us

such is the purpose in this case. Our conclusion is that the nonsuit ought to have been granted, and the judgment must be reversed.

Judgment reversed.