[Filed November 2, 1891.]

# THOMAS HISLOP *v.* W. J. MOLDENHAUER.

FORCIBLE ENTRY AND DETAINER—GIST OF ACTION.—In actions of forcible
entry and detainer, the gist of the action is force either in the entry or in
the detention, or in both.

IDEM—TENANT—TRESPASSER.—Where the relation of landlord and tenant
exists, the tenant is to be deemed holding by force when he refuses to
vacate after notice and the expiration of his lease, or to pay rent due under
the lease; while an intruder or trespasser enters or detains with actual
force.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals.  Reversed.

*Hall & Showers*, for Appellant.

*McGinn, Sears & Simon*, for Respondent.

LORD, J.—This is an action of forcible entry and detainer,
originally brought in a justice's court to recover the posses-
sion of a hotel building in East Portland.  Judgment went
for the plaintiff, from which an appeal was taken to the
circuit court; and upon trial after the testimony for the
plaintiff was in, the defendant by his counsel moved for a
nonsuit on the ground that there was an entire absence of
any intent upon the part of the defendant to hold possession
of the premises by force.  The court granted the motion on
the ground that there was an entire absence of any proof of
any force in the entry or in the holding, and discharged
the jury from the further consideration of the case.

Without detailing the evidence, it was conceded that the
plaintiff was the owner of the property in question; that
the defendant was his tenant, and refused to pay rent
due on the premises; that thereafter the plaintiff gave the
defendant a written notice to vacate the premises within ten
days from the date thereof, and that he neglected and refused
to do so, etc.   It thus appears that the relation of landlord
and tenant subsists between the parties, and that the require-
ments necessary to constitute a statutory forcible detainer

were admitted to be proven, unless some proof of force was an essential element in the case.

The decision of the trial court discloses that his own opinion was that no proof of force was necessary in such case; that when a tenant had been notified in writing to leave or vacate the premises, and refused, it was a sufficient proof of force to authorize the action of forcible detainer to be brought; but that in consideration of the cases of *Taylor* v. *Scott*, 10 Or. 483, and *Harrington* v. *Watson*, 11 Or. 143; 50 Am. Rep. 465; which the trial court thought included the case at bar, and controlled it, it felt bound to grant the nonsuit.

The opinion expressed by the trial court was undoubtedly correct, but its misconception of the effect of the two cases cited led it into error. In neither of them did the relation of landlord and tenant exist, which is disclosed by the facts and reïterated in the opinion to avoid liability to mistake when the action is brought to oust a stranger or trespasser.

In *Taylor* v. *Scott, supra,* there was no privity of contract. Both the plaintiff and the defendant claimed the right of possession to certain public lands as settlers, and it is expressly stated that "the relation of landlord and tenant does not exist between the parties." They were strangers to each other. The defendant was in possession, but refused to deliver or surrender his possession upon the demand of the plaintiff, but without indicating any purpose to resist the entry of the plaintiff with force. He brought forcible detainer against the defendant, which was reversed on the ground that the nonsuit ought to have been granted for the want of any proof of forcible detainer. In *Harrington* v. *Watson, supra,* the defendant had rented a certain room, which with the building was destroyed by fire. The thing rented was gone and the lease terminated. The defendant a few days after the fire, upon the assumption that his lease included a demise of the land, and had not terminated, moved another building on to the land occupied by the building destroyed by fire. The plaintiff served upon the

XXI OR.—14.

defendant a written notice to quit and demand of the possession of the premises, which the defendant refused to surrender, whereupon the plaintiff brought an action of forcible entry and detainer. The contention was that the refusal to surrender the premises on the written notice was the holding of the possession by force, or a forcible detainer. The court says: "Now, this is not the case of a defendant unlawfully holding over after the expiration of his lease"; that is, where the relation of landlord and tenant exists; "but the case of a defendant entering, peaceably we must take it, upon the land of the plaintiff under what he believed to be a claim of right, and refusing to deliver the possession upon a written notice and demand of the premises. To maintain his action, then, the plaintiff must bring his case within the principle where 'possession shall be held by force,' as declared in our statute, section 3510, Hill's Code; and *Taylor* v. *Scott, supra,* is decisive that he cannot recover under this provision, unless he prove that the defendant forcibly detains the premises from him." As the thing leased had been destroyed by fire, and the lease terminated, the relation of landlord and tenant did not exist, and the case did not fall within the purview of section 3519, Hill's Code, providing a remedy for landlords to regain a peaceable possession of their premises from tenants who had forfeited their right of possession and refused to surrender, which are deemed cases of unlawful holding by force. That section creates a species of constructive force, where none in fact exists. A tenant notified to quit, who refuses to surrender the possession of the premises, and is holding over after the expiration of his lease, within the meaning of the statute is guilty of holding by force as much so as though he held it with actual force. In such case the landlord may bring his action at once to dispossess the tenant and regain the possession of the premises. He is not required to exert actual physical force, and perhaps disturb the public peace and imperil his life before he will be permitted to bring the action. When that relation exists, the

tenant by his refusal to surrender when he has had notice to quit has placed himself in a situation to be sued and to authorize the bringing of the action, for the case is within those enumerated which the statute has declared shall be deemed holding with force. Between cases of that sort and those of a stranger and intruder who forcibly enters or forcibly detains where the entry was peaceable, there is a marked distinction. No notice is necessary, and the action may be brought at once.

The gist of the action is the force either in the entry, or the detainer, or both. In the case of the tenant, he is deemed holding by force when he refuses to vacate after notice and the expiration of his lease, or to pay rent, while the intruder or trespasser forcibly enters or detains with force.

The judgment must be reversed and a new trial ordered.