J. W. SCOTT, Appellant, v. WM. ALLENBAUGH *et al.*, Respondents.

Kansas City Court of Appeals, May 16, 1892.

1. **Unlawful Detainer:** POSSESSION, WHAT CONSTITUTES. If a party has gone into peaceable occupancy of land, repaired the fences, plowed, sown flax seed, nailed up doors and windows of the house, thereby

exercising the usual acts of dominion and control, then he has the actual possession and can maintain unlawful detainer against an intruder; he does not have to stand upon his property constantly to keep off intruders.

2. Practice, Trial: INSTRUCTIONS. Instructions should be kept within the issues and should not be so framed as to reflect injuriously upon either party.

3. ———: ———: PREPONDERANCE OF EVIDENCE. The use of the words, "to the full satisfaction of the jury" and "clear preponderance of the testimony," in instructions casts a greater burden on the plaintiff than belongs to him.

4. ———: EVIDENCE: DEMURRER. Where the testimony failed to show a defendant was a participant in the alleged wrong, a demurrer was properly sustained.

*Appeal from the St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED (*as to one defendant*); REVERSED AND REMANDED (*as to the other*).

*Gilbreath & Mann,* for appellant.

(1) Plaintiff was only required to show that he was in the actual and peaceable possession of the land, and that defendant entered thereon against his will and took possession and retained it after demand in writing. R. S. 1889, sec. 5089; *DeGraw v. Prior,* 53 Mo. 313; *Miller v. Tillmann,* 61 Mo. 316; *Craig v. Donnelly,* 28 Mo. App. 342. (2) The possession must be actual but not necessarily an actual physical possession. 61 Mo. 316. Any overt act indicating dominion and purpose to occupy and not to abandon the premises is sufficient. *Willis v. Stevens,* 24 Mo. App. 494, directly in point. Fencing, plowing and using the land, or exclusively nailing up the windows and doors of an unoccupied building and controlling it, is actual possession within the law. *McCartney's Adm'r v. Alderson & Bruere,* 45 Mo. 35; *Compton v. Baker,* 34 Mo. App.

133. The lease was competent as an act of possession, and tending to prove prior possession. *Gooch v. Hallan*, 30 Mo. App. 450; R. S., sec. 5117. It was admissible to show the boundaries of the land. 21 Mo. App. 478. (3) It was unquestionably the duty of the court to instruct the jury as to what constituted possession, what acts were necessary to constitute actual possession. This the court refused to do. The words "actual possession," as used in the case at bar, have technical meaning, and the instruction as asked by plaintiff defined its meaning as applicable to the facts, and the court erred in refusing it. 35 Mo. App. 308, '317; *Ampleman v. Ins. Co.*, 53 Mo. 547; *Wiser v. Chesley*, 45 Mo. 84; *Mueller v. Ins. Co.*, 69 Mo. 459; *Morgan v. Durpee, Boogher v. Neece*, 75 Mo. 385; *Turner v. Railroad*, 76 Mo. 261; *Railroad v. Cleary*, 77 Mo. 638; *Stewart v. City of Clinton*, 79 Mo. 603, 608, 614.

*A. Haynie* and *Mead & Martin*, for respondents.

The facts were fairly submitted to the jury under proper instructions of the court, and the finding of the jury is supported by the evidence, and this court will not disturb the verdict. *Douglass v. Orr*, 58 Mo. 573.

GILL, J.—This is an action of unlawful detainer, wherein the plaintiff Scott complains that he was in the lawful possession of a certain forty acres of land, and that defendants wrongfully entered and disseized him. The cause originated in a justice's court where plaintiff succeeded; but on appeal to the circuit court there was judgment for defendants, and the plaintiff appealed.

The evidence for the plaintiff tends to prove that he resides on land adjoining the forty acres, and that in March, 1891, he rented the forty acres from

Luchsinger & Streiff, who claimed as purchasers under an execution sale against defendant Brownlee; that plaintiff entered on the land, which was then unoccupied, and proceeded to put it in a condition to cultivate; broke several acres of the land, repaired the fences and closed and fastened up an old house on the premises; that he first spoke to Brownlee about renting the land, but that Brownlee told him the land was to be sold and he would have to go to the purchasers; also, that a few days before Allenbaugh's entry, and after he, Scott, had leased from Luchsinger & Streiff, Allenbaugh came to him and sought to rent the old house and an acre or two of the land, but that he, Scott, refused; that thereupon Allenbaugh, under some arrangement with Brownlee, and at dark, on the evening of April 27, 1891, came onto the premises and forced the house open, and there lodged himself and family. The next day plaintiff made a written demand for the possession, which was refused, and this action was instituted.

I. The main controversy seems to be as to whether or not, under the evidence, the plaintiff had such an actual possession of the land that he could complain in this form of action of the entry thus made by defendant Allenbaugh. The issues were tried by a jury to whom the court of its own motion gave the following instruction: "If you believe from the testimony that the plaintiff was in the possession of the land mentioned in his complaint, and, being so in possession, the defendant Allenbaugh entered upon and ousted him from the possession of the same, or any part thereof, and at the commencement of this suit was in possession of the same, and that on the twenty-eighth day of April, 1891, demand in writing was made by the plaintiff upon the defendant Allenbaugh for possession of the same, you will find the issues joined for the plaintiff as against the defendant Allenbaugh, for

the possession of the land you may find is so detained by said defendant from said plaintiff," etc.

And at the request of the defendants the court gave also another instruction, to this effect: "That to authorize a recovery by the plaintiff in this action, the plaintiff must have been in the actual possession of the premises when the defendant entered," etc.

As to this question of possession by the plaintiff, he asked the court to give the following instruction, defining what would constitute a sufficient possession on the part of the plaintiff, to-wit: "The court instructs the jury that if they believe from the evidence that the plaintiff, J. W. Scott, rented the forty acres from Luchsinger & Streiff on or about the thirtieth day of March, 1891, and that he entered upon the land, and began plowing around it and had broken seven or eight acres, and had sown flax, and had fixed the fence around the forty acres, and had nailed up the door and windows of the house, then the jury will find that he was in actual possession of the premises described in the complaint," etc.   The court declined to so declare to the jury, and this is assigned as the principal error.

We think the plaintiff has just cause to complain of the court's refusal to give this instruction.   As to what constitutes possession in this character of case is, very generally, a mixed question of law and fact.   It rests with the jury to determine the particular facts in dispute, and with the court to determine what legal effect shall attach thereto.   *De Graw v. Prior*, 60 Mo. 56. While in many cases a definition of possession might be unnecessary, yet in a case like this, where the jury may "roam in doubt," it is not only proper, but quite essential, that they be instructed as to what constitutes the possession intended by the statute.   The possession of the plaintiff must, it is true, be actual, "but this does not imply that the owner, or occupant, must actu-

ally stand upon his property constantly to keep off intruders, or that he must keep his servant or agent there. Any overt acts indicating dominion, and a purpose to occupy and not to abandon the premises, will satisfy this requirement." *Willis v. Stevens*, 24 Mo. App. 500, and cases cited.

If, then, the jury trying this cause had believed the statements of. the plaintiff; that he had gone into the peaceable occupancy of the land, had repaired the fences, had plowed the land, had sown flax, had nailed up the doors and windows of the house—was then in short exercising the usual acts of dominion and control over the land and premises—then clearly he was in the actual possession contemplated by this statute, and the jury should have so found.

Since this cause then must be remanded it may be well to remind the trial court that the instructions should be kept within the issues of the case, and not so framed as to reflect injuriously and wrongfully upon the cause of either litigant. There is nothing disclosed in this record that justified the court in seemingly referring to the plaintiff's occupancy of the land as that of a "mere sham" possession.

It is enough, too, that plaintiff be required to make out his case by a simple preponderance of the evidence. The use then of the words, "to the full satisfaction of the jury," and "clear preponderance of the testimony," is calculated to impose a greater burden on plaintiff than belongs to him.

In our opinion, the court properly sustained a demurrer to the plaintiff's evidence as to defendant Brownlee. Plaintiff's testimony, we think, failed to show him as an actual participant in the alleged wrong against the plaintiff. The judgment, therefore, as to defendant Brownlee, is affirmed; but as to the issues

between defendant Allenbaugh and plaintiff, the judgment is reversed, and the cause remanded for a new trial.  All concur.