CHARLES H. HINNIGER, Respondent, v. DANIEL B. TRAX, Appellant.

Kansas City Court of Appeals, November 23, 1896.

1. **Unlawful Detainer**: SUFFICIENCY OF COMPLAINT: POSSESSION. A complaint set out in the opinion is *held* to be sufficient in form and matter and not subject to the criticism that plaintiff and defendant both have possession at the same time.

2. ———: SERVICE OF DEMAND. A return of service on a written demand for possession showing the delivery of the copy to the defendant and the leaving of the copy with the man in charge of the premises, is sufficient.

3. ———: INSTRUCTIONS. The instructions given in this case cover every proposition of law set out in refused instructions, and there was no error in the charge of the court.

4. ———: PLAINTIFF'S POSSESSION. Plaintiff leased the premises in controversy, was clearing the timber and preparing the ground for cultivation, and had planted a small crop of corn, and had begun the erection of a log house, and had marked out the lines of the land and was inclosing it with a wire fence, when defendant entered. *Held*, plaintiff's possession was sufficient to maintain the action of unlawful detainer.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*L. A. Chapman* and *W. T. Dixon* for appellant.

(1) The complaint in this cause fails to state facts sufficient in law to constitute a cause of action. The complaint in direct terms alleges that both parties were in possession of the land at the same time, on the nineteenth day of June, 1894. The complaint does not follow the forms prescribed on page 2262, Revised Statutes of Missouri, 1889, form number 145. (2) The court committed error in admitting in evidence the so-called demand for the possession. There was no return on the same showing a legal and valid service of the same on the defendant, Trax, and the officer's return is *prima facie* evidence of the manner of service. His return shows that Trax was not in possession at the time of service of said demand, but Doe and Brown were. Section 5124, Revised Statutes of Missouri, 1889. (3) The court committed error in refusing to give the instructions which the court refused, prayed for by the defendant, Trax, and being numbered 1, 2, 3, of the refused instructions. They were the law, and should have been given by the court. *Scott v. Allenbaugh*, 50 Mo. App. 134; *Willis v. Stevens*, 24 Mo. App. 494; *Armstrong v. Hendrix*, 67 Mo. 542; *De Graw v. Prior*, 60 Mo. 56; *Edwards v. Carey*, 60 Mo. 572; *Powell v. Davis*, 54 Mo. 315. (4) The finding and judgment of the court was erroneous. It should have been for Trax, the defendant; there was nothing to indicate that plaintiff had any possession of the land in suit at the time of alleged entry by the defendant, or Doe and Brown. There was no fence, nothing to indicate to anyone passing that it was occupied. *Wade v. McMillen*, 29 Mo. 18; *McCartney v. Alderson*, 45 Mo. 35. (5) The so-called possession of plaintiff was insufficient to maintain this action. Plaintiff's acts of

possession were merely incidental to the cultivation of the adjoining tract, and were acts of trespass only. *Kennedy v. Prueitt*, 24 Mo. App. 414; *Miller v. Northup*, 49 Mo. 400; *Bell v. Cowen*, 34 Mo. 251; *Rouse v. Dean*, 9 Mo. 298; 8 Am. and Eng. Encyclopedia of Law, 121.

*S. J. Jones* and *Davis, Loomis & Davis* for respondent.

(1) The plaintiff in this case has fully complied with the requirements of the statutes of this state in relation to matters in unlawful detainer. And the law requires that he shall allege in his complaint that he was in possession, and that on that date the other parties took possession. Therefore, they must both be in possession on the same date—one party in possession up to and on the date when the other party took possession. If he allege otherwise his complaint would be defective. Sec. 5092, R. S. 1889; *Merriwether v. Howe*, 48 Mo. App. 148–151. (2) The court committed no error in admitting in evidence the demand for possession. The return was sufficient of itself. But the return was not the only way to prove that the demand was properly served on the defendant. It may be shown by any other competent and legal evidence. Sec. 5124, R. S. 1889; 17 Mo. App. 262; 25 Mo. App. 29. (3) The court committed no error in refusing to give instructions which the defendant prayed for, and being numbered in defendant's brief as 1, 2, and 3 of the refused instructions. In the refused instructions numbered 1, 2, and 3 the law had been substantially covered by the instructions already given. And it was no error to refuse instructions when those of similar import and having the same legal effect, had already been given. *Bradley v. West*, 60 Mo. 59. (4) The evidence of the act, and of Trax, Brown, and Doe, and

of the witnesses, shows that he had been in possession, making improvements on the land, and had been there personally from March 10 till June 19, and the possession was sufficient under the adjudication of this state. *Powell v. Davis,* 54 Mo. 315; *Scott v. Allenbaugh,* 50 Mo. App. 130; *Bradley v. West,* 60 Mo. 60. (5) The plaintiff did show that at the time of the alleged ouster he was in possession of the land, and that his possession of the land was such as, under the law, entitled him to a judgment in this case, and that his possession was not merely incidental, but was intended to hold this land, and that his acts were not acts of trespass. *Bradley v. West,* 60 Mo. 59, cases cited, p. 60.

GILL, J.—This is an action of unlawful detainer to recover the possession of fifteen acres of land. The sworn complaint, in substance, alleges, that on and prior to June 19, 1894, plaintiff was in possession of the land, and that on that day "the defendant wrongfully and without force by disseizin obtained possession of said premises, and has ever since held and continues to hold possession thereof wrongfully and unlawfully after demand made in writing for the delivery of the possession thereof." The rental value is alleged and judgment of restitution and for damages asked. On a trial by the court without a jury, plaintiff had judgment and defendant appealed.

We fail to observe any substantial objection either to the form or matter of the complaint, as called to our attention in the first point in defendant's brief. It does not allege that *both* parties were in actual possession of the land *at the same time.* It does state that plaintiff was in possession on the nineteenth day of June, 1894, and that on that day defendant entered on the land and ousted the plaintiff. But this is far from alleging a joint possession by the parties. The com-

plaint fully complies with the requisites of the statute and is sufficient.

Equally without merit is the objection to the return of the constable showing service of the written demand for possession.  Said return shows service, both by delivering a copy of the written demand to defendant, Trax, in person, and also by leaving a copy with the man in charge of the premises.  Either service was good and sufficient.  R. S. 1889, sec. 5124.

Plaintiff asked no instructions; but the defendant asked nine, six of which the court gave and three of which were refused.  To this the defendant's counsel have, in a general way, objected.  Of this it is sufficient to say that the instructions given fully and completely cover every possible phase of the case.  The instructions are full of repetitions, and the six given were even more than was necessary, and in effect declared every proposition of law set out in those refused.

It is further contended that the finding and judgment of the trial judge was wrong, because, it is said, the evidence did not show that plaintiff had, at the time of the alleged ouster, the actual possession of the land.  This point, too, is not well taken.  Plaintiff's evidence tended to prove that a few months prior to the ouster he leased the land from one Wescott; that it was at the time, in part at least, covered with timber and brush; that plaintiff went about getting it ready for cultivation, and had, at the date of defendant's entry, cleared away some of the underbrush, deadened the large timber, and planted a small portion in corn; that he began the erection of a log house and had it several logs high, and that he had marked out the lines of the fifteen acres and had it almost inclosed with a wire fence, when defendant hired two men to go onto the premises, stake out a tent, and reside there.  At the time, too, defendant armed these men with a shot-

gun and pistol, and directed them to keep away the plaintiff or others. Although plaintiff at the time did not reside on the fifteen acres, but lived three miles therefrom, the evidence tended to prove that he occupied the property, within the meaning of the law; and the evidence tends further to prove that defendant had knowledge of such occupancy, and that he (defendant) placed these hired men, armed with deadly weapons, on the land, so as to terrify and frighten away the plaintiff.

We think there was ample evidence to make a case against the defendant. *Miller v. Northup*, 49 Mo. 397; *Powell v. Davis*, 54 Mo. 315; *Bradley v. West*, 60 Mo. 59; *Scott v. Allenbaugh*, 50 Mo. App. 130.

Judgment affirmed. All concur.