## JAMES ROBINSON, Respondent, v. CHARLEY RAMSEY, Appellant.

### Springfield Court of Appeals, May 19, 1915.

1. **APPEAL AND ERROR: Trial by Court: Instructions: When Party Cannot Complain of.** Suit for unlawful detainer tried to the court without jury. Plaintiff requested no declarations of law and the court gave all the defendant asked for. He cannot complain that the court tried and determined the case on the wrong theory.

2. **Unlawful Detainer: What Possession Necessary to Maintain.** In an action for unlawful detainer, plaintiff need not reside on the land or actually occupy any building thereon in order to have actual possession sufficient to maintain the action.

3. ———: **Actual Possession: Mixed Question of Law and Fact.** In an action for unlawful detainer what is actual possession is a mixed question of law and fact, varying in different circumstances.

4. ———: ———: **What Constitutes.** Overt acts, indicating dominion and purpose to occupy and not abandon the premises, constitute actual possession.

5. ———: **Evidence: Lease Admissible for What.** Action for unlawful detainer. The lease made by the owner of the land to the plaintiff was properly admitted in evidence as showing the character of plaintiff's possession.

6. ———: ———: **Lease: Sublease.** Action for unlawful detainer. The fact that plaintiff subleased a part of the land to a third party is admissible as an act of possession by the plaintiff.

Appeal from Wayne County Circuit Court.—*Hon. E. M. Dearing*, Judge.

AFFIRMED.

*E. R. Lentz* for appellant.

(1) There is no evidence in this record that the plaintiff, James Robinson, had ever been in possession of the land in controversy at any time prior to the time

when the defendant entered into the possession of the same, and was not in possession at the time the defendant entered. The rule of law is well settled in this State that a person who has never been in possession, though he has legal right thereto, cannot maintain an action for unlawful detainer. Hatfield v. Wallace, 7 Mo. 112; Wood v. Dalton, 26 Mo. 581; Ford v. Fellows, 34 Mo. App. 634; Sexton v. Hull, 45 Mo. App. 339; Long v. Noe, 49 Mo. App. 19; School District v. Holmes, 53 Mo. App. 487. (2) The court erred in admitting in evidence, the lease from A. A. Robinson to James Robinson, because that lease did not tend, in any manner, to show possession of the property, but that it only tended to show a right of possession. And the rule is also well settled in this State, that in unlawful detainer, neither the title nor the right to possession are in issue. Prewitt v. Burnett, 46 Mo. 372; Craig v. Donnelly, 26 Mo. App. 342; Meriweather v. Howe, 48 Mo. App. 148; Sills v. Goodyear, 80 Mo. App. 128; Edwards v. Carey, 60 Mo. 575. (3) Equities existing between plaintiff and defendant, cannot be inquired into in an action of unlawful detainer. Grunenald v. Schoales, 17 Mo. App. 324; Underwood v. Caruthersville, 147 Mo. App. 288. (4) In forcible entry and detainer, and also in unlawful detainer, neither the title nor the right of possession is in issue. Prewitt v. Burnett, 46 Mo. 372; Craig v. Donnelly, 26 Mo. App. 342; Meriweather v. Howe, 48 Mo. App. 148; Sills v. Goodyear, 80 Mo. App. 128; Van Stewart v. Miles, 105 Mo. App. 248.

*Wm. A. Settle* and *David W. Hill* for respondent.

(1) The evidence in this record shows that the plaintiff James Robinson, was in the possession of the land in controversy before defendant entered into the possession thereof. It is a well-settled rule of law in this State that the possession of plaintiff does not mean that he must actually stand upon his property to keep

off intruders, or that he must keep his servant or agent there. Any overt acts indicating dominion, and a purpose to occupy and not to abandon the premises, will be sufficient to entitle plaintiff to maintain an action of unlawful detainer. Bartlett v. Draper, 23 Mo. 407; King's Admrs. v. St. Louis Gas Light Co., 34 Mo. 34; Miller v. Northup, 49 Mo. 397; Bradley v. West, 60 Mo. 60; Miller v. Tillmann, 61 Mo. 316; Willis v. Stevens, 24 Mo. App. 494; Prendergast v. Graverman, 166 Mo. App. 33. (2) The court properly admitted in evidence the lease from A. A. Robinson to James Robinson, plaintiff. While it is true that in actions of this character, neither title nor right of possession is a proper subject of inquiry, yet if a deed, mortgage or lease has any intrinsic value as evidence tending to show the character and nature of the possession in controversy, there certainly can be no logical reason for excluding it. Moston v. Stow, 91 Mo. App. 554; Moore v. Shoup, 123 Mo. App. 412.

STURGIS, J.—This is a suit for unlawful detainer brought in a justice of a peace court and removed by *certiorari* to and tried in the circuit court of Wayne county, Missouri. The plaintiff obtained judgment for possession and damages and defendant has appealed. The sole question presented here is whether the plaintiff had such possession of the premises in controversy as will sustain this action at the time defendant "without force by disseizin obtained possession of the said premises" on February 26, 1914. The land in controversy is farm land, having a house and barn thereon and some forty acres or more in cultivation. It is described as lots two and three of a certain quarter section, but was used as one farm, no one knowing just where the dividing line is between the two lots. It appears that the dwelling-house is near this dividing line and probably on lot three, while the barn is on lot two. It is conceded that one A. A. Robinson had been in

possession of and farmed this land for several years prior to the present controversy. In the early spring of 1914, A. A. Robinson concluded to go to Oklahoma on account of his wife's health and leased the land to this plaintiff, his brother, for a term of two years at a cash rental of $250. This lease bears date of February 4, 1914, and is described as a "farm lease in usual form" and provides that plaintiff, as lessee, shall, in addition to paying the cash rent, make certain improvements on the land during the term of his tenancy. It is indisputed that this lease was made in good faith and that plaintiff paid at once $164.85 on the rent. Plaintiff testified that on the execution and delivery of this lease his brother, A. A. Robinson, turned over possession of the land and premises to him and that he then took possession of the same and was in possession at the time of defendant's entry thereon twenty-two days later. A. A. Robinson left some of his household goods in the dwelling-house and certain farming implements in the barn. These were put in charge of plaintiff and were to be used by him. The plaintiff lived near-by and did not move into the dwelling-house or onto the land in controversy. It appears, however, that he visited the land frequently, looked after it and the personal property left thereon and was preparing to farm the land during the season just then opening. A. A. Robinson testified to much the same facts. In this state of affairs, on February 26, 1914, the defendant *moved into the barn,* placing his household goods therein and removing therefrom the farm machinery owned by A. A. Robinson but which had been turned over to plaintiff for his use. This was done against plaintiff's protest, who, on learning that defendant was moving into the barn and when only one load of his household goods had been put in the same, fastened the gate with a lock and put up a notice for defendant to keep out. In spite of this defendant con-

tinued to move into the barn and take possession of the land. On plaintiff's further remonstrance and attempt to adjust the matter without having to bring this suit, defendant informed him that he "delighted in trouble."

The defendant offered no evidence and in no way attempted to justify or explain his action in thus taking possession. The only hint found in the record that defendant was other than a pure trespasser, without any claim of right, is that he claimed to plaintiff that he "was an heir at law to the land."

The case was tried to the court without a jury and no declarations of law being asked by plaintiff the court gave all those asked by defendant and found against him on the facts. These declarations of law required the court to find that plaintiff was in actual possession of the land at the time defendant entered thereon; that neither the title nor right to possession is involved but only plaintiff's actual possession and defendant's entry thereon and ousting him from possession; that the burden of proof was on plaintiff as to these issues and unless plaintiff was in the actual bonafide possession of the land at the time defendant entered thereon the finding must be for defendant.

The defendant cites many authorities to sustain these propositions of law, but as defendant got the full benefit of same, so far as the law is concerned, he cannot complain that the court tried and determined the case on a wrong theory of the law. The defendant's entry onto these premises is conceded and if plaintiff was then in possession such entry was clearly wrongful and amounted to a disseizin. The whole question therefore turns on the question of fact as to plaintiff's possession and we have given the salient facts. The defendant's argument that no sufficient possession was shown on plaintiff's part to entitle him to recover is largely based on the fact that plaintiff had not taken up his residence on the land and that same was there-

fore vacant. The plaintiff's possession under the lease from his brother is not materially different than would have been that of his brother, who had long resided on the land, had he moved elsewhere, but intending to hold the possession and cultivate this land, and the defendant had thereupon moved onto the same.

The law as to what possession is necessary to maintain this action is stated in 19 Cyc. 1130, thus: "Actual *pedis possessio* or residence on the premises at the time of the forcible entry complained of is not essential to the maintenance of the action. The possession to which this summary remedy applies is not confined to the *pedis possessio* or actual inclosure of the occupant. It applies to any possession which is sufficient to sustain an action of trespass. . . . The owner is not bound to be continually on his land either in person or by agent, or to station his servants there to keep intruders away. An entry coupled with such acts of ownership as clearly indicate his intention to take and hold permanent possession will be sufficient to enable him to maintain this form of action to repel an unlawful intrusion." That plaintiff need not reside on the land or actually occupy any building thereon or even have it enclosed in order to have actual possession sufficient to maintain this action is well settled. [Keen v. Schweigler, 70 Mo. App. 409, 422; Hinniger v. Trax, 67 Mo. App. 521, 526; Leeper v. Baker, 68 Mo. 400, 405; Walser v. Graham, 60 Mo. App. 323, 326.]

What is actual possession is a mixed question of law and fact and varies in different circumstances, depending on the character and condition of the property. The question of intent, connected with overt acts, is of much importance. Thus, in Meriwether v. Howe, 48 Mo. App. 148, 155, the court said: "The law is well settled that overt acts indicating dominion and purpose to occupy, and not to abandon, the premises will constitute actual possession." In Miller v. Northup, 49 Mo. 397, 400, the court used this language: "But it is

not necessary to be always on the land, provided the occupation by the owner is intended to be permanent." In Bartlett v. Draper, 23 Mo. 407, 409, the plaintiff had only partially built a fence around some vacant lots some six months prior to defendant's entry thereon and the court held that "any act done by himself (the plaintiff) on the premises indicating an intention to hold the possession thereof to himself, will be sufficient to give him the actual possession." So, in Bradley v. West, 60 Mo. 59, 63, the rule of law is stated as follows: "The owner is not bound to be always on the land, either by himself or his agent, for the sake of actual manual occupation, and for the purpose of warning off intruders or trespassers. If an entry is made with the intention of retaining the permanent possession, and clearing and improving the land, and fitting it for cultivation, it may be sufficient, and authorize the inference that the possession is actual. Any act done on the premises, by the owner, indicating an intention to hold possession thereof to himself, will be sufficient to give him the actual possesssion."

Error is assigned because of admitting in evidence the lease made by A. A. Robinson, the owner of the land, to this plaintiff on the ground that neither the title nor the right to the possession of the land is in issue. Such is the law and so the law was declared in the declarations given. But this does not mean that the lease or other evidences of title or right to possession are not to be admitted for any purpose. While the lease does not prove possession by plaintiff as lessee, it is itself an act in transferring possession from A. A. Robinson to plaintiff and gives character to plaintiff's acts in dealing with the land and shows his intention with relation thereto. It extends actual possession of a part to all the land conveyed. Title papers are frequently put in evidence for this purpose. [19 Cyc. 1165; Keen v. Schweigler, 70 Mo. App. 409, 421; Prewitt v. Burnett, 46 Mo. 372.]

The fact that plaintiff subleased a part of this land to a third party is also admissible as an act of possession by plaintiff. [Gooch v. Hollan, 30 Mo. App. 450.]

If defendant owned an interest in this land the law requires him to establish his right in an action brought for that purpose. He cannot assert his right by any short cut such as taking possession of the land in the manner here shown. The law does not permit one to redress his grievance with his own hand. [Meriwether v. Howe, 48 Mo. App. 148, 156.]

The judgment is for the right party and will therefore be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.