**Donald DUFFY, Plaintiff-Appellant,**

v.

**CLARK OIL & REFINING CORPORATION, Defendant-Respondent.**

**No. KCD 29797.**

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Jimmie D. James, David G. Sperry, James & Sperry, Independence, for plaintiff-appellant.

Russell D. Jacobson, Thomas B. Sullivan, III, E. Denver Vold, Vold, Sullivan, Finnegan, Gordon & Williams, Kansas City, for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

In this case begun by plaintiff Duffy in magistrate court as an action in unlawful detainer with a counterclaim by defendants, the magistrate found for plaintiff. An appeal to the circuit court resulted in a verdict for the defendant in a court-tried case. Defendant's counterclaim was abandoned. The issue is whether the possession of plaintiff was sufficient to maintain the action.

■ In this action, the issue is primarily factual. The evidence is to be considered under the mandate of *Murphy v. Carron,*

536 S.W.2d 30 (Mo. banc 1976). To the extent that the issue is a mixed one of law and fact, the applicable law may be summarized as follows: forcible entry and detainer is a possessory action, and in such action, it is immaterial whether the party dispossessed by force had title or even rightful possession. *Hill v. Morrison*, 436 S.W.2d 255 (Mo.App.1969); *Lindsay v. McLaughlin*, 311 S.W.2d 148 (Mo.App.1958); *Prewitt v. Burnett*, 46 Mo. 372 (1870). Consequently, the question which must be ultimately resolved is whether plaintiff by his actions abandoned possession.

Plaintiff argues that he need not reside on the land or actually occupy any building on the property in order to be in actual possession. *Richardson v. Liggett*, 453 S.W.2d 249 (Mo.App.1970); *Robinson v. Ramsey*, 190 Mo.App. 206, 176 S.W. 282 (1915).

Looking now to the evidence which supports the trial court's judgment, plaintiff was the lessee of Clark. Because of a robbery at the station, he became apprehensive and undertook to relieve himself of the burden of operation. In order to accomplish this, he entered into an agreement with one Wiggs to operate the station while Duffy took an extended vacation. Under the agreement Duffy received $400 a month, and Wiggs undertook to pay this amount plus expenses, looking to the expected profit for his compensation. Clearly, the $400 was "off the top." The payment to Duffy was considered as rent by Wiggs and as profit by Duffy. Importantly, Wiggs purchased the inventory on hand when Duffy left. The accountant for both Wiggs and Duffy said the transaction was a sale of assets. Clark entered by force and dispossessed Wiggs and his employees. Thus, the essence of the controversy is whether Duffy had sublet the station to Wiggs or was in some sort of joint enterprise with Wiggs.

The trial court ruled against the plaintiff on the mixed issue of law and fact with respect to the status of Wiggs in finding that the plaintiff's arrangements with Wiggs amounted to an assignment or sublease in violation of the terms of plaintiff's lease. The assignment is presumed when one other than the lessee is found in possession. *Clasen v. Moore Brothers Realty Co.,* 413 S.W.2d 592 (Mo.App.1967).

Once it was determined, as the trial court did, that there was a sublease of the premises, then the plaintiff did not hold possession sufficient to bring an action in forcible entry and detainer. The title of Clark was not in issue; it was the possession of the plaintiff that was at stake. Thus, the trial court's finding against the plaintiff was supported by evidence and is not erroneous as a matter of law.

The judgment of the trial court is affirmed.

All concur.